**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**GILBERTO MARTINEZ FERNANDEZ**<br>**ANA M RIVERA DEFILLO**<br><br><br>**Debtor(s)** | **CASE NO. 17-03720   BKT**<br><br>**Chapter  7**<br><br>**Adversary No.  17-00255** |
| **MARIA ISABEL GARCIA MANTILLA**<br><br>**Plaintiff**<br>vs.<br><br>**GILBERTO MARTINEZ FERNANDEZ**<br>**ANA M RIVERA DEFILLO**<br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 02/25/2019**</span> |

## OPINION & ORDER

Before the court is Debtor/Defendants, Gilberto Martínez Fernandez and Ana M. Rivera Deofillo's (hereinafter collectively known as "Defendants" or "Debtors") *Motion to Dismiss Adversary Proceedings* [Dkt. No. 24] and Plaintiff, María Isabel García Mantilla's (hereinafter "Plaintiff") *Opposition to Motion to Dismiss Adversary Complaint* filed by [Dkt. No. 31]. For the reasons established below, Defendant's *Motion to Dismiss Adversary Proceedings* [Dkt. No. 24] is hereby **DENIED.**

1

## I.     Factual Background

The present adversary proceeding stems from a chapter 7 case voluntarily filed by the Debtors on May 26, 2017. In the complaint, Plaintiff alleges a cause of action for fraudulent conduct pursuant to sections 523 and 727 of the Bankruptcy Code and unjust enrichment. These claims arise from Plaintiff's allegations that the Debtors engaged in a pattern of deceitful, improper and fraudulent conduct in order to keep the rent payment lower than the contracted amount so that they (the Debtors) could maintain a lavish lifestyle. Furthermore, the Plaintiff argues that the Debtors would constantly make declarations recognizing the arrears owed, which sum up to a total of $43,500.00, with promises of payment. This, in turn, misled the Plaintiff into allowing the Debtors to continue living in her apartment.

In their motion to dismiss. Defendants argue that Plaintiff's complaint fails to meet the elements established in § 523. Furthermore, the Defendants contend that Plaintiff has no factual basis to state a claim for relief that is plausible on its face and, as such, the court should dismiss the proceedings with prejudice.

In her response, Plaintiff goes through and identifies all the required elements to oppose a discharge. Plaintiff argues that the Defendants intentionally deceived and through false representation led her to believe that they were going through financial problems thereby resulting in a lowered rental payment. When in fact, Plaintiff asserts, they were living an extravagant lifestyle. Furthermore, Plaintiff alleges that the Defendants agreed to reaffirm the debt for rent arrears during bankruptcy in order to continue living in the apartment.

**Standard of Review:**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)-(i) to adversary proceedings. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are applicable for "failure to state a claim [upon which relief can be granted] only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzales-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). Especially, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Acosta, 464 B.R. 86, 90 (Bankr. D.P.R. 2011). Moreover, "determining whether a complaint states a plausible claim for relief…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"[T]he court accepts as true well-pleaded facts and draws all reasonable inferences in the plaintiff's favor." Ocasio-hernandez v. Fortuno-Burset, 639 F.Supp.2d 217, 221 (D.P.R. 2009). Despite that, this doctrine does not apply to legal conclusions. Ocasio-hernandez v. Fortuno-Burset, 639 F.Supp.2d 217, 221 (D.P.R. 2009), citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009). Nonetheless, in an opposition to a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st

3

Cir. 1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like…" in plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

**Legal Analysis:**

As previously stated, when evaluating a motion for dismissal pursuant to Rule 12(b)(6), the court must presume that all well pleaded allegations in the complaint are true and look at the allegations in the light most favorable for the plaintiff. In order for a plaintiff to assert the fraud, false pretense or misrepresentation component of § 523(a)(2)(A) she must establish the following elements: "(1) he makes a false representation, 2) he does so with fraudulent intent, 3) he intends to induce the plaintiff to rely on the misrepresentation, and 4) the misrepresentation does induce reliance, 5) which is justifiable, and 6) which causes damage (pecuniary loss)." See, Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997). The standard used for excepting a debt from discharge based on a fraudulent misrepresentation under § 523(a)(2)(A) is a justifiable reliance on the representation. See Field v. Mans, 516 U.S. 59, 59 (1995). The other exception from discharge invoked by the Plaintiff is § 727 which, relevant to the case at hand, states: "The Court shall grant the debtor a discharge unless… the debtor knowingly and fraudulently… made a false oath or account." 11 U.S.C. § 727(a)(4)(A). In both § 523 and § 727, the burden of persuasion rests with the party opposing the discharge by a preponderance of the evidence. In re Burgess, 955 F.2d 134, 136 (1992). When adjudicating a motion to dismiss the court must determine

4

whether a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In re Acosta, 464 B.R. at 90. The complaint "… must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir., 2013) citing Grajales v. Puerto Rico Port Authority, 682 F.3d 40, 44 (1st Cir., 2012). The Plaintiff has met this burden, for "it is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir., 2013) citing Swierkiewicz v.Sorema, 534 U.S. 506, 512 (2002).

For the reasons previously stated, the Defendants' *Motion to Dismiss Adversary Proceedings* [DKT. 24] is DENIED. The Defendants shall file their answer to the complaint within twenty (20) days. The Clerk to schedule an initial scheduling conference for April 3, 2019 at 2:00 PM.

SO ORDERED

San Juan, Puerto Rico, this 25th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

5